## RADNEY v. HUTCHINSON.

(Supreme Court, General Term, First Department.   November 18, 1892.)

CHANGE OF VENUE—RESIDENCE OF PARTIES.

On a motion by defendant for a change of venue, where there is evidence that plaintiff was not a resident of the state at the commencement of the action, a counter affidavit of plaintiff that he was domiciled in such state at that time is insufficient, since "residence," and not "domicile," is the criterion.

Appeal from special term, New York county.

Action by Reuben I. Radney against Garry M. Hutchinson for the recovery of money.   Defendant moves for a change of venue.   The motion was overruled, and defendant appeals.   Reversed.

Argued before O'BRIEN and BARRETT, JJ.

Mortimer V. Austin, (Abel E. Blackmar, of counsel,) for appellant. George W. Gibbons, for respondent.

PER CURIAM.   This motion was made by the defendant, a resident of Cayuga county, to change the place of trial to that county, upon the ground that the county designated in the complaint was not the proper county by reason of the fact that the plaintiff at the commencement of the action was not a resident of the city and county of New York.   The fact that he was not a resident of this county is clearly established.   The plaintiff, in answer to the affidavits of the defendant and of three witnesses, showing his residence in New Jersey, seeks to

avoid the force of these affidavits by asserting that he is not a nonresident of the state, and that he is a resident of Spring Valley, in Rockland county; but he does not state that he was a resident of Rockland county at the time of the commencement of the action. He adds that he was domiciled in Rockland county prior to the commencement of the action, but residence, and not domicile, is the criterion. As the proof of the plaintiff's nonresidence at the time of the commencement of the action is not met by anything stated in the plaintiff's opposing affidavit, the motion should have been granted. The order should therefore be reversed, with the usual costs and disbursements, and the motion to change the place of trial to Cayuga county granted, with costs.